IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE BURNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-318 |
| | ) |
| SLIPPERY ROCK UNIVERSITY OF PENNSYLVANIA | ) |
| and WEST MIDDLESEX AREA SCHOOL DISTRICT, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# MEMORANDUM OPINION and ORDER

On August 8, 2007, I entered an Opinion and Order of Court, *inter alia,* granting Defendant, West Middlesex Area School District's, Motion for Summary Judgment. (Docket No. 61). Plaintiff requests that I reconsider the dismissal. (Docket No. 62). Specifically, Plaintiff requests that I reconsider my ruling because: 1) Plaintiff did not allege West Middlesex discriminated against her because it denied an accommodation; and 2) this Court addressed the wrong legal standard. *Id.* West Middlesex filed a response thereto. (Docket No. 65). The issues are now ripe for review.

To grant a motion for reconsideration, the moving party must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the

availability of new evidence which was not available when the court issued its order; or (3) the need to correct a manifest injustice stemming from a clear error of law or fact. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999); *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

> Where the moving party argues that the court overlooked certain evidence or controlling decisions of law which were previously presented, a court should grant a motion for reconsideration only if the matters overlooked might reasonably have resulted in a different conclusion. *Cataldo v. Moses*, 361 F.Supp.2d 420, 433 (D. N.J. 2004). A mere disagreement with the decision does not suffice to show that the court overlooked relevant facts or controlling law. *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D. N.J. 1999). Nor may a motion for reconsideration be used to present new legal theories or arguments which could have been made in support of the first motion. *Federico v. Charterers Mut. Assur. Ass'n*, 158 F.Supp.2d 565, 578 (E.D. Pa. 2001).
>
> Where the basis of the motion for reconsideration is to correct a manifest injustice, the party must persuade the court that not only was the prior decision wrong, "but that it was clearly wrong and that adherence to the decision would create a manifest injustice." *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir.1998); *McCloud v. City of Sunbury*, CA No. 04-2332, 2006 U.S. Dist. LEXIS 16560, *4 (M.D. Pa. Apr. 3, 2006). "Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re Loewen Group*, CA No. 98-6740, 2006 U.S. Dist. LEXIS 200, *4-*5 (E.D.Pa. Jan. 5, 2006), *quoting Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (E.D.Pa.1992). "A district court has considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.*

*Payne v. DeLuca* , No. 2:02-CV-1927, 2006 WL 3590014, *1 -2  (W.D. Pa. Dec. 11, 2006).

While Plaintiff does not cite the standard above, basically, Plaintiff argues that the Order with regard to West Middlesex's failure to accommodate argument should be reconsidered based on manifest injustice. (Docket No. 62). In opposition, West Middlesex argues that Plaintiff's did claim that it failed to accommodate her and that the Court did not apply an incorrect standard. (Docket No. 65). After consideration of the same, I agree with Plaintiff that a manifest injustice would occur. As Plaintiff points out, she is not proceeding on a failure to accommodate theory. (Docket No. 62, ¶¶4-5). Accordingly, I grant Plaintiff's Motion for Reconsideration in this regard and vacate my prior Order of August 8, 2007 (Docket No. 61), to the extent it relates to West Middlesex's argument regarding failure to accommodate.

Furthermore, based on the reasons set forth in the August 8, 2007, Opinion and Order of Court, there is a genuine issue of material fact as to Plaintiff's "regarded as" being disabled in speaking claim. (Docket No. 61, p. 19). Consequently, West Middlesex's Motion for Summary Judgment regarding said claim is denied.

Finally, in my August 8, 2007, Opinion and Order of Court (Docket No. 61), I denied SRU's Motion for Summary Judgment against West Middlesex as moot. Since West Middlesex remains as a party to this case, I vacate my August 8, 2007, Opinion and Order of Court (Docket No. 61) wherein I deny SRU's motion against West Middlesex as moot. Upon further consideration, SRU's Motion, I find SRU's Motion based West Middlesex's cross-claims for sole liability, joint and several liability, and/or contribution and indemnity to be premature as there has been no finding of liability against West Middlesex at this time. Therefore, SRU's Motion (Docket No.

61), is denied as premature.

THEREFORE, this **28th** day of August, 2007, after consideration of Plaintiff's Motion for Reconsideration (Docket No. 62), it is ordered as follows:

> 1. Plaintiff's Motion for Reconsideration is granted and the Order of August 8, 2007(Docket No. 61) is vacated with respect to Plaintiff's "regarded as" being disabled in speaking claim against West Middlesex.
>
> 2. West Middlesex's Motion for Summary Judgment (Docket No. 31) is denied as to Plaintiff's "regarded as" being disabled in speaking claim.
>
> 3. Based on the above, the Order of August 8, 2007 (Docket No. 61) is further vacated with respect to the ruling on SRU's Motion for Summary Judgment against West Middlesex (Docket No. 42). Upon reconsideration of the same, said Motion (Docket No. 42) is denied as premature.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U.S. District Judge