IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHANIE BURNS,                          )
                                          )
            Plaintiff,                    )
                                          )
    vs.                                   )      Civil Action No.  06-318
                                          )
SLIPPERY ROCK UNIVERSITY OF               )
PENNSYLVANIA, et al.,                     )
                                          )
            Defendant.                    )

AMBROSE, Chief District Judge


**MEMORANDUM OPINION**
and
**ORDER OF COURT**

There are six Motions *in Limine* pending: 1) To preclude Defendants from introducing evidence concerning Plaintiff's performance in a subsequent Fall 2005 day care center field assignment filed by Plaintiff (Docket No. 75); 2) To preclude Defendant from introducing Dr. Vucinich's May 11, 2006, Letter Concerning Plaintiff's Thyroid Exam filed by Plaintiff (Docket No. 76); 3) To preclude Defendants from introducing evidence concerning Plaintiff's 2003 head lice filed by Plaintiff (Docket No. 77); 4) To exclude testimony and records from trial filed by Defendant Slippery Rock University of Pennsylvania ("SRU") (Docket No. 78); 5) To preclude evidence on Plaintiff's disability filed by Defendant West Middlesex Area School District ("West Middlesex") (Docket No. 79); and 6) To preclude evidence on Plaintiff's Damages filed by West Middlesex (Docket No. 80).  The parties have filed responses thereto.  Therefore, the issues are now ripe for disposition.

   1.   Plaintiff's Motion *in Limine* to preclude Defendants from introducing evidence concerning Plaintiff's performance in a subsequent Fall 2005 day care center field assignment (Docket No. 75)

Plaintiff argues that evidence concerning her performance in a subsequent Fall 2005 day

care field assignment should be precluded based on two reasons: 1) it is inadmissible as character evidence under Rule 404(b)[1] to show she performed poorly during the prior spring 2005 field assignment; and 2) it is inadmissible as evidence of habit under Rule 406[2] because it shows nothing more than a "mere tendency."  (Docket No. 75, p. 11).  In response, SRU argues that evidence of "Plaintiff's poor performance in yet another "field" assignment the very next semester... is direct evidence that the reasons for removing her from the first assignment were not pretextual." (Docket No. 82, p. 5).  West Middlesex argues in a similar vein.  (Docket No. 87, pp. 1-2).

The Third Circuit has applied a four part test in determining whether to admit evidence under Rule 404(b):

    (1)      The evidence must have a proper purpose;
    (2)      It must be relevant;
    (3)      Its probative value must outweigh its potential for unfair prejudice; and
    (4)      The court must charge the jury to consider the evidence only for the limited purposes for which it is admitted.

*U.S. v. Rahamin,* 168 Fed.Appx. 512, *519, 2006 WL 436021, *4 (3d Cir. 2006), *citing United States v. Cruz,* 326 F.3d 392, 395 (3d Cir.2003), *citing Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).  The threshold issue under Rule 404(b) is "'whether th[e] evidence is probative of a material

---

[1]Rule 404(b) of the Federal Rules of Evidence provides as follows:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

[2] Rule 406 of the Federal Rules of Evidence provides as follows:

Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

issue other than character." *United States v. Sriyuth,* 98 F.3d 739, 745 (3d Cir. 1996), *quoting*

*Huddleston v. United States*, 485 U.S. 681, 686 (1988). I find the evidence at issue is inadmissible.

Defendants wish to introduce the evidence as direct evidence of Plaintiff's "poor performance."

This, however, would demonstrate nothing more than Plaintiff's tendency to act in conformity with

her previous alleged behavior. Under these circumstances, the admission of this evidence violates

Rule 404(b). Therefore, Plaintiff's Motion *in Limine* to preclude Defendants from introducing

evidence concerning Plaintiff's performance in a subsequent Fall 2005 day care center field

assignment (Docket No. 75) is granted.

2. <u>Plaintiff's Motion *in Limine* to preclude Defendant from introducing Dr. Vucinich's May 11, 2006, Letter Concerning Plaintiff's Thyroid Exam (Docket No. 76)</u>

Plaintiff argues that Dr. Vucinich's thyroid consultation of Plaintiff, which occurred one year

after the incident in question, is irrelevant under Rule 402[3] and Dr. Vucinich's letter of May 11,

2006, is inadmissible hearsay under Rule 801(c)[4] and 802[5] and should be excluded under Rule

403.[6] (Docket No. 76). As SRU and West Middlesex acknowledge in their responses, the only

---

[3]Rule 402 of the Federal Rules of Evidence provides as follows:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

[4]Rule 801(c) of the Federal Rules of Evidence provides as follows:

"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

[5]Rule 802 of the Federal Rules of Evidence provides as follows:

Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

[6]Rule 403 of the Federal Rules of Evidence provides as follows:

Although relevant, evidence may be excluded if its probative value is substantially

issue remaining in this case is whether Defendants regard Plaintiff as being substantially limited in the major life activity of speaking. (Docket No. 82, p. 6; Docket No. 87, p. 2). Defendants do not intend to introduce Dr. Vucinich's letter.[7] *Id.* Therefore, Plaintiff's Motion *in Limine* to preclude Defendant form introducing Dr. Vucinich's May 11, 2006, Letter Concerning Plaintiff's Thyroid Exam (Docket No. 76) is denied as moot.

3. Plaintiff's Motion *in Limine* to preclude Defendants from introducing evidence concerning Plaintiff's 2003 head lice (Docket No. 77)

Plaintiff argues that evidence of Plaintiff's head lice in 2003 is not relevant under Rule 402 and lacks any probative value under Rule 403 because it is unfairly prejudicial, misleading to the jury and confuses the issues. (Docket No. 77). Additionally, Plaintiff argues that said evidence is also inadmissible character evidence under Rule 404(a)[8] because character is not an essential element of an employment discrimination claim. *Id.* In response, SRU argues that the evidence is relevant to show Plaintiff's lack of professionalism. (Docket No. 82, pp. 1-4). Similarly, West

---

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

[7]I note that SRU will seek to introduce this letter if evidence of actual disability or evidence of a record of disability is admitted. (Docket No. 82, p. 6). Since I granted summary judgment as to those claims (Docket No. 61), said evidence would be irrelevant for that purpose. That same evidence may be admissible for another purpose, however. Therefore, I am denying the Motion without prejudice.

[8]Rule 404 of the Federal Rules of Evidence provides as follows:

(a) Character evidence generally.--Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

(1) Character of accused.--In a criminal case,...;

(2) Character of alleged victim.--In a criminal case,...;

(3) Character of witness.--Evidence of the character of a witness, as provided in Rules 607, 608, and 609.

Middlesex argues that it is relevant to show Plaintiff's "poor hygiene, unprofessionalism, and conduct." (Docket No. 87, pp. 1-2). I disagree with SRU and West Middlesex. I do not find a single incident that occurred two years prior to be relevant to Plaintiff's claims of discrimination or tend to show her hygiene, professionalism, or conduct on the dates at issue. As a result, Plaintiff's Motion *in Limine* to preclude Defendants from introducing evidence concerning Plaintiff's 2003 head lice (Docket No. 77) is granted.

4. <u>SRU's Motion *in Limine* to exclude testimony and records from trial (Docket No. 78) and West Middlesex's Motion *in Limine* to preclude evidence on Plaintiff's disability (Docket No. 79)</u>

SRU and West Middlesex argue that because this case is a "regarded as" having a disability case, Plaintiff's evidence of her treating physicians and her medical records are irrelevant and inadmissible. (Docket Nos. 78 and 79). Defendants further submit that any opinion testimony of any witness, with the exception of the Defendants, who possessed the authority to remove Plaintiff from her placement is irrelevant and is not probative of whether Defendants regarded Plaintiff as disabled in her ability to speak. Defendants argue that this evidence goes only to show the first two ways a plaintiff can establish that she is a disabled person for purposes of the Rehabilitation Act and the ADA – that she is actually disabled or has a record of disability. Since this Court has already granted summary judgment in favor of Defendants as to the first two ways to establish Plaintiff is disabled, finding that she did not establish that she had an actual disability or a record of a disability, Defendants argue that the above evidence is inadmissible pursuant to Rules 401and 402 because it has nothing to do with whether Plaintiff was "regarded as" being disabled. (Docket No. 78). Additionally, Defendants argue that the evidence is inadmissible under Rul 403 because said evidence would only "muddle the issue that is before the jury," is misleading, and is unfairly prejudicial. (Docket No. 78, pp. 3-4). To that end, SRU is willing to enter into a stipulation outlining the extent of Plaintiff's hearing loss and speech impediment. (Docket No. 78,p. 4).

To succeed on her "regarded as" claim, Plaintiff must prove that she has a nonlimiting

impairment that Defendants mistakenly believed substantially limits a major life activity. *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 489 (1999). Thus, contrary to Plaintiff's position, said evidence is not necessary to prove that she had an impairment under the Rehabilitation Act or the ADA. (Docket No. 85). Defendants have already been granted summary judgment on this issue. (Docket No. 61). Rather, she must merely prove that she had a speech and a hearing impairment that Defendants mistakenly believed substantially limited her ability to speak.

To that end, I find that the testimony of any witness that had a discussion with Dr. Snyder, the decision maker, is admissible to show what he may have known or believed, is relevant and admissible (DeCarlo, Yensick, Vetere, Wuthrick, Rose and Smith). For that same reason, I find that the knowledge of Plaintiff's speech and/or hearing impairments by professors (Gordon, Merchant, Cobb, Kemmerer, Anad, Wu, Altenbaugh, and Joseph) and student colleagues (McConnell, Barnes, and Washa) is irrelevant and inadmissible. Holly McCoy, the director of diversity at SRU, did not become involved in the case until after the lawsuit was filed. (Docket No. 85-2, p. 40). As a result, the testimony and e-mails of Ms. McCoy are irrelevant and inadmissible. Finally, Plaintiff is required to show that she did have hearing and speech impairments. She is permitted to introduce any medical evidence she chooses. I will not instruct Plaintiff on how to try her case. Thus, Defendants' Motions are denied as to medical testimony and evidence.

5. <u>West Middlesex's Motion *in Limine* to preclude evidence on Plaintiff's Damages (Docket No. 80)</u>

West Middlesex seeks to preclude evidence of lost wages and specifically the salary range of starting teachers in Western Pennsylvania. (Docket No. 80). West Middlesex argues that Plaintiff failed to explain the method of calculating these amounts and did not supply an expert financial analysis of the same. *Id.* p. 2. Finally, West Middlesex argues that the lost wages are speculative. I disagree with West Middlesex. Plaintiff listed in her Pre-Trial Statement West Middlesex's own salary scales. (Docket No. 67, p. 8). Furthermore, I do not find that Plaintiff is

6

required to have expert testimony to substantiate the same. *See, Cole v. Delaware Tech. and Comm. College,* 459 F.Supp.2d 296, 310 (D.Del. 2006), *citing Paolella v. Browning-Ferris, Inc.,* 158 F.3d 183, 194-95 (3d Cir.1998)("[T]he absence of expert testimony does not prevent a jury from rendering an award for prospective earnings."). Finally, based on the evidence of West Middlesex's salaries, I disagree that Plaintiff's alleged wage lost is based on speculation. Therefore, West Middlesex's Motion *in Limine* to preclude evidence on Plaintiff's Damages is denied.

THEREFORE, this 16th day of January, 2008, after consideration of various Motions *in Limine* filed by the parties, it is ordered as follows:

1. Plaintiff's Motion *in Limine* to preclude Defendants from introducing evidence concerning Plaintiff's performance in a subsequent Fall 2005 day care center field assignment (Docket No. 75) is granted;

2. Plaintiff's Motion *in Limine* to preclude Defendant from introducing Dr. Vucinich's May 11, 2006, Letter Concerning Plaintiff's Thyroid Exam (Docket No. 76) is denied, without prejudice, as moot;

3. Plaintiff's Motion *in Limine* to preclude Defendants from introducing evidence concerning Plaintiff's 2003 head lice (Docket No. 77) is granted;

4. SRU's Motion *in Limine* to exclude testimony and records from trial (Docket No. 78) and West Middlesex's Motion *in Limine* to preclude evidence on Plaintiff's disability (Docket No. 79) are granted in part and denied in part as follows:

   a. It is denied as to DeCarlo, Yensick, Vetere, Wuthrick, Rose, Smith, and any medical evidence; and

   b. It is granted as to Gordon, Merchant, Cobb, Kemmerer, Anad, Wu, Altenbaugh, Joseph, McConnell, Barnes, Washa, and McCoy;

5. West Middlesex's Motion *in Limine* to preclude evidence on Plaintiff's Damages (Docket No. 80) is denied.

It is further ordered that the time for trial for this case, based on counsel's representations, is 5 days, including jury selection, my preliminary and final instructions and counsels' opening and closing statements. Plaintiff will be given 50% of the remaining trial time and Defendants will

collectively be given 50% of the remaining trial time.

BY THE COURT:

/s/   <u>Donetta W. Ambrose      </u>
Donetta W. Ambrose,
Chief U.S. District Judge